TRENTON AND MERCER COUNTY TRACTION CORPORATION, APPELLANT, v. MERCER COUNTY BOARD OF TAXATION, AND OTHERS, RESPONDENTS.

Submitted July 8, 1918—Decided November 18, 1918.

1. An adjudication by the Supreme Court on *certiorari* in a tax case that the judgment of the county board of taxation was not unreasonably or illegally reached and was supportable upon the facts and the figures adduced before it, is not a compliance with the mandate of the Tax act of 1903 (section 38) or of the *Certiorari* act (section 11 as amended in 1907), by which the court is required to reduce the valuation if too great, and to determine questions of fact.
2. Evidence taken for the first time in the Supreme Court under a rule to take depositions obtained by the prosecutor of a *certiorari* in a tax case, cannot sustain a finding by the county board of taxation that antedates the evidence.
3. Evidence of mere opinion as to value of the property assessed given by a member of a county board of taxation who has no special knowledge of the value of the property, must be rejected.
4. Where the prosecutor of a *certiorari* in a tax case has the right and full opportunity to present evidence in the Supreme Court, his constitutional right to a hearing is preserved unless the hearing is a mere form.

5. Where the Supreme Court on a *certiorari* in a tax case fails to consider testimony taken for the first time in that court and treats the case as if the evidence had been before the county board of taxation and was available to sustain the findings of the board, the hearing is mere form and not due process of law.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 105.

For the appellant, *Frank S. Katzenbach, Jr.,* and *Edward M. Hunt.*

For the respondents, *George L. Record.*

The opinion of the court was delivered by

SWAYZE, J.     The Supreme Court took too narrow a view of its functions in this case. It held that the judgment of the county board of taxation was not unreasonably or illegally reached and was supportable upon the facts and the figures adduced before it. This involved merely a determination that there was no erroneous legal principle shown to have been adopted by the county board and that there was evidence to support its finding. But this determination was not a compliance with the mandate of the Tax act or of the *Certiorari* act. Section 38 of the Tax act of 1903 (*Comp. Stat., p.* 5121) enacts that "if it shall appear to the satisfaction of any court wherein any *certiorari* is or may be brought, * * * that the value of taxable property, for which any person is therein assessed, is too great, said court shall amend such assessment and reduce the same to the proper and just amount." Section 11 of the *Certiorari* act as amended in 1907 (*Pamph. L., p.* 95; *Comp. Stat., p.* 405) requires the Supreme Court to determine disputed questions of fact in tax cases as well as in other cases therein set forth. That the value of the property assessed may be one of those questions of fact would seem obvious enough from a reading of the two sections in sequence. If the mere reading could leave any doubt, that doubt would be removed by the decisions

of this court. In *Millville Gas Light Co.* v. *Millville*, 84 *N. J. L.* 409, we expressly approved the opinion of the Supreme Court in *Royal Manufacturing Co.* v. *Rahway*, 75 *Id.* 416. In the latter case, the somewhat changing history of the legislation on the subject was reviewed and the present state of the law set forth. This statement of the law was reiterated in *Long Dock Co.* v. *State Board of Assessors*, 86 *Id.* 592. The Royal Manufacturing Company case was decided in 1907 immediately after the amendment of the *Certiorari* act. The legislature in 1918 re-enacted the provision above quoted from section 38 of the Tax act of 1903 (*Pamph. L.* 1918, *ch.* 236, § 512) and has not changed the provision of the amendment of 1907 to the *Certiorari* act. The present law, therefore, is the settled policy of the state. In the present case the Supreme Court failed to make an independent determination of facts and contented itself with finding that there was a legal basis for the result reached by the county board of taxation, whether or not that result was right in fact. This error makes it necessary to reverse the judgment and remit the record to the Supreme Court in order that it may find the facts.

There is, however, a difficulty that goes deeper. An important portion of the evidence on which the Supreme Court relied as sustaining the action of the county board was not before that board. The situation was this: Various estimates of expert witnesses were before the county board. None was adopted or followed. The board took a valuation of its own expert and added twenty per cent. indifferently to real and personal property, to personal property like rails and wires and apparatus which was subject to rapid depreciation by wear, as well as to land, the value of which was a site value and not subject to depreciation by wear, and added the same percentage to property in the populous city of Trenton and in suburban and agricultural communities. This uniformity of percentage challenges attention to any evidence in its support, and we find none. The only evidence to sustain the addition of twenty per cent. is found in the testimony of members of the county board of taxation, taken

for the first time in the Supreme Court under a rule to take depositions obtained by the prosecutor of the *certiorari*. Such evidence cannot sustain a finding that antedates the evidence. That evidence was necessary in the very point decided in *Long Dock Co.* v. *State Board of Assessors,* 86 *N. J. L.* 592. Although we may assume that the members of the county board would have testified to the same opinion of value if they had offered themselves as witnesses before the board, this does not suffice. The reasons why it does not suffice are stated in the opinion of the case cited. The importance of requiring the same safeguards as to evidence given by members of the board as by other witnesses, is well shown by the evidence of one member of the board in the present case, and it was stipulated that the testimony of the other members of the board, if they had been sworn, would be substantially the same. On examination by counsel for the board and the other defendants, this witness testified that he was not an expert in the valuation of railroad property in any way himself and was obliged to rely upon the evidence produced in this case as to value.

The Supreme Court was clearly in error in saying that this testimony "was admitted and treated with all the formal requirements, and subject to all the scrutiny and criticism that characterize opinion evidence in a formal litigation *inter partes* at law or in equity." The difficulty with the testimony was that it was mere opinion coming from witnesses who confessedly knew nothing about the subject of their testimony. The requirement of special knowledge of his subject before a witness can express a mere opinion, is a substantial rather than a formal requirement. Such evidence if subjected to the scrutiny and criticism that characterize opinion evidence in a formal litigation at law or in equity would be rejected. It must for the same reason be rejected here. Without it, there is no evidence sustaining some three hundred thousand dollars increased valuation.

There is, however, another error more fundamental still, to which we ought to call attention as the case must go back. No opportunity was afforded the prosecutor to present its

402     COURT OF ERRORS AND APPEALS.

Trenton, &c., Tract. Corp. v. Mercer Co. Tax Bd.   *92 N. J. L.*

case fully to the county board. The county board conceived that it. was required to make its determination by a certain date and as no time was left for the presentation of evidence by the prosecutor, none was allowed. We need not consider whether the view of the law taken by the county board was right or wrong. The prosecutor had the right and full opportunity to present evidence under the rule for depositions taken on the *certiorari*, and this would have been enough to preserve its constitutional right to a hearing, if the hearing before the Supreme Court had been anything more than a mere form. *Security Trust Co.* v. *Lexington,* 203 *U. S.* 323. The difficulty is that the Supreme Court failed to consider this matter, and treated it as if this opinion evidence had been before the county board and was available to sustain the findings of that board. The result was to put the prosecutor in the position of having the case decided upon evidence not before the tribunal which rendered the decision, and without a chance to meet the evidence against it until it was too late to have it considered.

The Supreme Court did not, as it thought it did, support the judgment of the county board upon the facts and figures adduced before that board, but in part on those facts and figures and in part on opinions of witnesses who were not qualified to express the opinions, first appearing in evidence in the Supreme Court and after the county board had rendered its judgment. Such procedure is not due process of law. *Londoner* v. *Denver,* 210 *U. S.* 373, 386.

Let the judgment be reversed and the record remitted to the Supreme Court for further proceedings in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.